IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 18-cr-00228-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARLENE PEREDA,

    Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Upon two motions of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the Motions (Doc. ## 71, 75) are DENIED after complete review of the Motions on the merits.

FACTORS CONSIDERED:

- The Government concedes that Ms. Pereda's "diagnosis of congestive heart failure, from which she is not expected to recover, presents an 'extraordinary and compelling reason' which could allow compassionate release under the statute and guideline policy statement, because of the strong evidence that individuals with heart failure face an increased risk of severe illness from COVID-19." (Doc. # 81 at 16.)

- However, the § 3553(a) factors weigh heavily against early release. Specifically, Ms. Pereda has served less than **one-fifth** of her sentence, and because the offense at issue involved trafficking substantial quantities of narcotics with a firearm, such a drastic sentence reduction would not "reflect the seriousness of the offense, . . . promote respect for the law, [or] . . . provide just punishment for the offense." § 3553(a)(2)(A).

- Additionally, the Court agrees with the Government that Ms. Pereda remains a danger to the community despite her health conditions. As the Government notes, those conditions existed when she committed the offense at issue in this case. (Doc. # 81 at 20) ("Sadly, the defendant sold the pound of methamphetamine to the cooperator, dealt drugs repeatedly out of her house, and was caught with an enormous stash of drugs, guns, and ammunition after she received her medical diagnosis and reevaluated what was important to her.").[1]

DATED: September 30, 2020

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] The Court notes that Ms. Pereda asserts that her current housing facility does not meet her medical needs. (Doc. # 80.) However, "courts do not have authority to designate an inmate's place of imprisonment." *Chesser v. Dir. Fed. Bureau of Prisons*, No. 15-cv-01939-NYW, 2018 WL 3729511, at *11 (D. Colo. Aug. 6, 2018) (citing *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995) (concluding sentencing court "has no authority to order that a convicted defendant be confined in a particular facility" because that decision was "within the sole discretion of the [BOP].")).